Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
ANDREA PALASI

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA PALASI,<br><br>           Plaintiff,<br><br>     v.<br><br>TRANSUNION, LLC; and IQ DATA INTERNATIONAL, INC.,<br><br>           Defendants | CASE NO: **'22CV1888 AJB  MDD**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §§ 1681 et. seq.); & CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (Cal. Civ. Code §1785.3 et. seq.)**<br><br>Jury Trial Demanded |

## INTRODUCTION

1. Plaintiff ANDREA PALASI (hereinafter referred to as "Plaintiff") by and through her Counsel of Record brings this action against TRANSUNION, LLC (hereinafter referred to individually as "TRANSUNION"), and IQ DATA INTERNATIONAL, INC. (hereinafter referred to individually as "IQ DATA") (hereinafter all named defendants are collectively referred to as "Defendants") for Defendants' violations of the Fair Credit Reporting Act (hereinafter referred to as the "FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.3 et. seq. (hereinafter

1    referred to as the "CCCRA").

2.  Congress determined the banking system is dependent upon fair and accurate credit reporting and that inaccurate credit reports directly impair the efficiency of the banking system and undermine the public confidence[1]. Congress' explicit purpose of enacting the FCRA was to require reasonable procedures for meeting the needs of consumer credit while doing so in a manner that is fair and equitable to consumers with regards to the confidentiality, accuracy, relevance, and proper utilization of such information[2].

3.  The California legislature determined there is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for consumers' rights to privacy[3]. The Legislature's express purpose of enacting the CCCRA was to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[4].

4.  Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are based upon personal knowledge.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. §1331, as this dispute involves a federal question under 15 U.S.C. §1681 *et. seq.* The court has supplemental jurisdiction over Plaintiff's CCCRAA claims.

6.  Venue is proper in this District as Plaintiff is a natural person residing in the

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

---

[1] 15 U.S.C. §1681(a)
[2] 15 U.S.C. §1681(b)
[3] Cal. Civ. Code §1785.1(b)
[4] Cal. Civ. Code §1785.1(d)

County of San Diego and the Defendants regularly conduct business within the County of San Diego. Furthermore, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of San Diego, California. Therefore, venue is proper within this District pursuant to 28 U.S.C. §1391.

## **PARTIES**

7. Plaintiff is a natural person who currently resides in the County of San Diego, State of California.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c), and Cal. Civ. Code §1785.3(b).

9. Defendant IQ DATA is and at all times mentioned herein was, a debt collector whose primary business was the collection of debts on behalf of creditors and/or on behalf of themselves through collecting upon primarily residential apartment complex past due debts.

10. IQ DATA is a corporation formed under the laws of the State of Washington, which operates in all 50 states including California, with its primary business location at: 1010 SE Everett Mall Way, Suite 100, Everett, Washington, 98208.

11. IQ DATA does business throughout the country, including in this District. A significant portion of IQ DATA's business operations are dedicated to collecting debts, primarily consumer debts relating to past due debts owed by tenants to residential apartment complex landlords. IQ DATA is, and at all times mentioned herein was registered with the Washington Secretary of State as a Washington Corporation.

12. Defendant IQ DATA is a "person" as that term is defined in 15 U.S.C. §1681a(b), and Cal. Civ. Code §1785.3(j).

13. Defendant IQ DATA as part of its regular business practices reports information to various Consumer Reporting Agencies. Therefore, Defendant IQ DATA is a "Furnisher of Information" within the meaning of 15 U.S.C. §§

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

1681, *et. seq.*, and Cal. Civ. Code §1785 *et. seq.*

14. Defendant TRANSUNION is a corporation incorporated under the laws of state of Delaware.  TRANSUNION is headquartered at 555 W. Adams St., Chicago, IL 60661, and regularly conducts business in the State of California, County of San Diego.

15. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing to third parties "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

16. Defendant TRANSUNION furnishes said consumer reports to third parties for monetary compensation.

17. Defendant TRANSUNION is therefore a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f), and Cal. Civ. Code §1785.3(d).

## GENERAL ALLEGATIONS

18. Plaintiff realleges and incorporates by reference Paragraphs 1 through 17, inclusive, as if fully set forth.

19. On August 31, 2020, Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the Southern District of California, with Case No. 20-04430-LA7, case titled: *In re Andrea Palasi* (hereinafter referred to as the "Bankruptcy Case").

20. On or about June of 2018, prior to filing the Bankruptcy Case, Plaintiff entered a residential lease agreement to lease an apartment located at: 11876 Stoney Peak Drive, Apt 336, San Diego, CA 92128 ("the Apartment"), in the Jefferson at Carmel Ranch Apartment Complex, which is managed by the nationwide residential property management company: Greystar Worldwide, LLC. ("Lease Agreement").

21. On or about early 2019, Plaintiff eventually defaulted upon the Lease

Agreement.

22. On or about April of 2020, after going into default on said Lease Agreement, Plaintiff vacated the Apartment leaving an approximate $44,520.00 lease deficiency amount allegedly claimed to be owed per the Lease Agreement ("Lease Deficiency"). Further, due to the default on the Lease Agreement, the Plaintiff's former landlord assessed a charge against surety bond issued against Plaintiff's security deposit related to the Lease Agreement creating a deficiency owed to an entity named: Sure Deposit in the approximate amount of $500 ("Sure Deposit Debt").

23. On or about June of 2020, this Lease Deficiency and the Sure Deposit Debt were subsequently sent to Defendant IQ DATA for collection purposes, whereby IQ DATA reported the Sure Deposit Debt and Lease Deficiency (collectively referred to as the "Subject Debts") to Defendant TRANSUNION as two past due collection accounts.

24. On December 1, 2020, the clerk of the Southern District of California entered a Discharge Order in Plaintiff's Bankruptcy Case (See Bankruptcy Case ECF Docket No. 13).

25. Plaintiff being unaware of the Subject Debt at the time of her Bankruptcy Case filing, failed to list said Subject Debts in her Bankruptcy Case schedules. However, despite the Plaintiff / Debtor failing to list the Subject Debts in her Bankruptcy Case schedules, since the Bankruptcy Case closed with a "no distribution of assets" report, the Subject Debts were discharged in her Bankruptcy Case. See *Beezley v. Cal. Land Title Co.*, 994 F.2d 1433 (9th Cir. 1993).

26. On June 22, 2022, Plaintiff through the assistance of her Counsel drafted a dispute letter to Defendant TRANSUNION ("Dispute Letter"), whereby Plaintiff attached a copy of her Bankruptcy Case Discharge Order, and she explained that the Subject Debts being furnished by Defendant IQ DATA were

discharged, and that the balance was therefore being reported by the Credit Reporting Agency ("CRA") Defendant TRANSUNION in error.

27. The June 22, 2022 Dispute Letter stated in pertinent part, "These accounts were discharged in my Chapter 7 Bankruptcy (20-04430) which was filed on August 31, 2020 and discharged December 1, 2020 (Doc. No. 13) in the Southern District for California. The balance on these accounts should be "$0…"  The Dispute Letter went on to state in pertinent part, "Immediately delete these accounts and the disputed derogatory information from my credit report. The discharged debts should be reported with account balances of $0 with a status of 'current.' Further, there should be no post-bankruptcy activity reported on these accounts. The date of last activity on these accounts should pre-date my bankruptcy filing date, August 31, 2020, since a default on these accounts occurred no later than the Bankruptcy filing date. Any post-bankruptcy derogatory information should be immediately deleted from my report. If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding these accounts."

28. On June 22, 2022, a third-party mailing service mailed the above-referenced Dispute Letter to Defendant TRANSUION via Certified U.S. Mail.

29. The United States Postal Service ("USPS") confirmed that Defendant TRANSUNION received the Dispute Letter via a returned signed receipt of service.

30. Defendant TRANSUNION transmitted Plaintiff's dispute information to the e-OSCAR dispute system.

31. Defendant IQ DATA subsequently retrieved an Automated Consumer Dispute Verification ("ACDV") regarding the Subject Debt and Plaintiff's claims.

32. Defendant IQ DATA failed to conduct any reasonable investigation, and provided no alteration to Plaintiff's ACDV, instead Defendant IQ DATA

transmitted a response back to Defendant TRANSUNION, verifying that no changes should be made to the information furnished on the Subject Debts.

33. In response, Defendant TRANSUNION, simply accepted the incorrect verification provided by Defendant IQ DATA through the e-OSCAR system and failed to do any actual reinvestigation into Plaintiff's claims regarding the Subject Debt.  In sum, Defendant TRANSUNION merely "parroted" Defendant IQ DATA's response to their initial investigation, and failed to even review the discharge paperwork, the relevant caselaw regarding prepetition claims being discharged in a no asset Chapter 7 bankruptcy case, and/or to request any further documentation from IQ DATA as to why this debt was not discharged in Plaintiff's Bankruptcy Case.

34. On or about late June of 2021, Defendant TRANSUNION informed Plaintiff that its reinvestigation of Plaintiff's dispute was complete.  The results of the reinvestigation showed that no changes were made to correct the unlawful and incorrect information reported on Plaintiff's credit report regarding the Subject DebtS.

35. Plaintiff's Dispute Letter sent via certified mail which included the Plaintiff's case number, referenced the public records section, enclosed the Plaintiff's Bankruptcy Case Discharge Order, and explained that the Subject Debts were discharged, clearly demonstrated that the Subject Debt was being improperly reported.  However, Defendant TRANSUNION did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the accuracy of the information it was reporting regarding the Subject Debts.

36. To date, Defendant IQ DATA is still willfully furnishing inaccurate and negative information regarding the Subject Debts showing a delinquent balance of approximately $47,000 owed on the Subject Debts.

37. Defendant TRANSUNION, is still willfully reporting inaccurate and negative

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

1  information regarding the Subject Debts showing a delinquent balance owed.

38.  The Defendants TRANSUNION's and IQ DATA's individual and joint failures to conduct reasonable investigations of Plaintiff's Dispute caused Plaintiff damages to her credit score, and caused her an inability to rent alternative housing, which led to frustration, anger, and distress.

39.  The inaccurate information furnished and reported by Defendants negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as an individual, and Plaintiff's credit worthiness.

40.  After August of 2022, when TRANSUNION refused to correct their inaccurate reporting of the Subject Debts being reported by IQ DATA, Plaintiff was denied the ability to obtain a post-bankruptcy credit card due to the Subject Debt reporting as a delinquent charged off account.  Therefore, as a direct and proximate result of the inaccurate and unlawful information reported on Plaintiff's TRANSUNION credit report, Plaintiff has been denied credit and has been offered credit at higher interest rates than she otherwise would have been able to obtain but for Defendants' conduct.  As a result, Plaintiff has suffered economic damages from lost opportunities to borrow, and in other instances has paid higher interest rates than she should have otherwise been entitled to.

## CAUSES OF ACTION

### I.

**FIRST CAUSE OF ACTION**
**WILLFUL FAILURE TO INVESTIGATE**
**(15 U.S.C. §1681s-2(b)(1) and 15 U.S.C. §1681n)**
[AS TO DEFENDANT IQ DATA ONLY]

41.  Plaintiff realleges and incorporate by reference Paragraphs 1 through 40, inclusive, as if fully set forth.

42.  15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information, the person receiving

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and report to the CRA the results of the investigation, and either verify that the information being reported is accurate, or if the information cannot be verified, report those results to the CRA and modify, delete, or permanently block the reporting of the disputed item of information.

43. By willfully failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the Subject Debts within the time allotted under 15 U.S.C. § 1681i(a)(1), Defendant IQ DATA violated 15 U.S.C. §1681s-2(b)(1).

44. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant IQ DATA, Plaintiff suffered damages including a loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

45. As a direct and proximate result of this unlawful conduct, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

46. 15 U.S.C. §1681n provides for civil liability for any party that willfully fails to comply with the provisions of 15 U.S.C. §1681 *et. seq.*

47. Defendant IQ DATA had actual knowledge through Plaintiff's Dispute that the information furnished to Defendant TRANSUNION regarding the Subject Debts was inaccurate.

48. Defendant IQ DATA willfully failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information within the 30-day time period proscribed in 15 U.S.C. § 1681i(a)(1).

49. As such, Defendant IQ DATA is liable to Plaintiff for her damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.

## II.
## SECOND CAUSE OF ACTION
## NEGLIGENT FAILURE TO INVESTIGATE
## (15 U.S.C. §1681s-2(b)(1) and §1681o)

### [AS TO DEFENDANT IQ DATA]

50. Plaintiff realleges and incorporates by reference Paragraphs 1 through 49, inclusive, as if fully set forth.

51. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information, the person receiving notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and report to the CRA the results of the investigation, and either verify that the information being reported is accurate, or if the information cannot be verified, report those results to the CRA and modify, delete, or permanently block the reporting of the disputed item of information.

52. Upon being notified of a Consumer Dispute Verification request by Defendant TRANSUNION regarding the inaccurate and delinquent information for the Subject Debts, Defendant IQ DATA failed to conduct a reasonable investigation into Plaintiff's Dispute.

53. By negligently failing to properly modify, delete, or block the reporting of the inaccurate, unlawful, and false negative information regarding the Subject Debts, Defendant IQ DATA failed to exercise reasonable care when notified of the dispute, therefore Defendant IQ DATA negligently violated 15 U.S.C. §1681s-2(b)(1).

54. As a result of this unlawful conduct, action and inaction of Defendant IQ DATA, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

55. As a direct and proximate result of this unlawful conduct, action and inaction of

Defendant IQ DATA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

56. Had Defendant IQ DATA exercised reasonable care, they would have been aware of the Dispute initiated by Plaintiff, and a reasonably prudent investigation would have revealed that the information furnished to Defendant TRANSUNION, regarding Plaintiff's the Subject Debts was inaccurate and should be corrected.

57. Despite this, Defendant IQ DATA failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information.

58. As such, Defendant IQ DATA is liable to Plaintiff for her damages for negligently failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681o.

### III.

**THIRD CAUSE OF ACTION**
**WILLFULLY FURNISHING INFORMATION DEFENDANT KNEW OR SHOULD HAVE KNOWN TO BE INACCURATE**
**(CAL. CIV. CODE §1785.25(a) & §1785.31(a)(2))**

[AS TO DEFENDANT IQ DATA]

59. Plaintiff realleges and incorporates by reference Paragraphs 1 through 58, inclusive, as if fully set forth.

60. Cal. Civ. Code §1785.25(a) provides, "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

61. Cal. Civ. Code §1785.31 provides for civil liability for any party that willfully fails to comply with the provisions of the CCCRA.

62. Through the Consumer Dispute Verification request, Plaintiff made Defendant IQ DATA actually aware of the inaccurate information being furnished by Defendant IQ DATA.

63. By willfully failing to properly modify, delete, or block the reporting of the

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

inaccurate and unlawful false negative information regarding the Subject Debts, Defendant IQ DATA violated Cal. Civ. Code §1785.25(a).

64. By violating Cal. Civ. Code §1785.25(a), Defendant IQ DATA is liable to Plaintiff for damages pursuant to Cal. Civ. Code §1785.31.

65. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant IQ DATA, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

66. As a result of this willful unlawful conduct, action and inaction of Defendant IQ DATA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

67. As such, Defendant IQ DATA is liable to Plaintiff for their damages for willfully violating the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(2).

### IV.

**FOURTH CAUSE OF ACTION**
**FAILURE TO INVESTIGATE**
**(CAL. CIV. CODE §1785.25(f) & §1785.31(a)(2))**

[AS TO DEFENDANT IQ DATA]

68. Plaintiff realleges and incorporates by reference Paragraphs 1 through 67, inclusive, as if fully set forth.

69. Cal. Civ. Code §1785.25(f) provides, "upon receiving notice of a dispute noticed pursuant to subdivision (a) of Section 1785.16 with regard to the completeness or accuracy of any information provided to a consumer credit reporting agency, the person that provided the information shall (1) complete an investigation with respect to the disputed information and report to the consumer credit reporting agency the results of that investigation before the end of the 30-business-day period beginning on the date the consumer credit reporting agency receives the notice of dispute from the consumer in

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

accordance with subdivision (a) of Section 1785.16 and (2) review relevant information submitted to it.

70. When Plaintiff made her Consumer Dispute Verification request, Defendant IQ DATA was required to do an investigation and review the information provided by Plaintiff.

71. Defendant IQ DATA failed to review the information provided by Plaintiff and did not perform any true investigation into the accuracy of the information it was furnishing regarding Plaintiff's Subject Debts, in violation of Cal. Civ. Code §1785.25(f).

72. By violating Cal. Civ. Code §1785.25(f), Defendant IQ DATA is liable to Plaintiff for damages pursuant to Cal. Civ. Code §1785.31.

73. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant IQ DATA, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

74. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant IQ DATA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

75. As such, Defendant IQ DATA is liable to Plaintiff for his damages for willfully violating the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(2).

**V.**

**FIFTH CAUSE OF ACTION**
**WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS**
**(15 U.S.C. §1681e(b) & §1681n)**

[AS TO DEFENDANT TRANSUNION]

76. Plaintiff realleges and incorporates by reference Paragraphs 1 through 75, inclusive, as if fully set forth.

77. Through Plaintiff's Consumer Dispute Verification request, Plaintiff made

Defendant TRANSUNION, each of them, individually aware, and/or they should have been aware that the information they were reporting regarding the Subject Debts was inaccurate.

78. In preparing Plaintiff's credit report, Defendant TRANSUNION, each of them, individually, each of them failed to use reasonable procedures that "assure maximum possible accuracy" of information, in violation of 15 U.S.C. §1681e(b).

79. Defendant TRANSUNION, each of them, individually failed to comply with the requirements of 15 U.S.C. §1681e(b), and said failures were willful within the meaning of 15 U.S.C. §1681n(a).

80. As a result of this unlawful conduct, action and inaction of Defendant TRANSUNION, each of them, individually, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

81. As a direct and proximate result of Defendant TRANSUNION's willful and unlawful conduct and action and inaction, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

82. As such, Defendant TRANSUNION, is liable to Plaintiff for her damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.

## VI.

**SIXTH CAUSE OF ACTION**
**WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS**
**(CAL. CIV. C.  §1785.14(b) & §1785.31(a)(2))**

[AS TO DEFENDANT TRANSUNION]

83. Plaintiff realleges and incorporates by reference Paragraphs 1 through 82, inclusive, as if fully set forth.

84. Through Plaintiff's Consumer Dispute Verification request, Plaintiff made Defendants TRANSUNION aware, and/or they should have been aware that the

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

information they were reporting regarding the Subject Debts was inaccurate.

85.   In preparing Plaintiff's credit report, Defendant TRANSUNION failed to use reasonable procedures to "assure maximum possible accuracy" of information, in violation of Cal. Civ. Code §1785.14(b).

86.   Defendant TRANSUNION willfully failed to comply with the requirements of Cal. Civ. Code §1785.14(b) within the meaning of Cal. Civ. Code §1785.31(a)(2).

87.   As a direct and proximate result of the willful unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

88.   As a result of this willful unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

89.   As such, Defendant TRANSUNION is liable to Plaintiff for her damages for willfully violating the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(2).

### VII.

### SEVENTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS
### (15 U.S.C. §1681e(b) & §1681o)

[AS TO DEFENDANT TRANSUNION]

90.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 89, inclusive, as if fully set forth.

91.   Through Plaintiff's Consumer Dispute Verification request, Defendant TRANSUNION should have been aware that the information they were reporting regarding the Subject Debts was inaccurate.

92.   In preparing Plaintiff's credit report, Defendant TRANSUNION failed to use reasonable procedures that "assure maximum possible accuracy" of

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

1    information, in violation of 15 U.S.C. §1681e(b).

2    93.    Defendant TRANSUNION's respective and individual failures to exercise

3    reasonable care in complying with the requirements of 15 U.S.C. §1681e(b)

4    were negligent within the meaning of 15 U.S.C. §1681o.

5    94.    As a direct and proximate result of this willful unlawful conduct, action and

6    inaction of Defendant TRANSUNION, Plaintiff suffered damages including

7    loss of credit, increased costs of credit, loss of ability to purchase and benefit

8    from credit, and the humiliation and embarrassment of credit denials.

9    95.    As a result of this negligent and unlawful conduct, action and inaction of

10    Defendant TRANSUNION, Plaintiff suffered emotional distress including

11    anxiety, fear, sleeplessness, nausea, and headaches.

12    96.    As such, Defendant TRANSUNION is liable to Plaintiff for her damages for

13    willfully violating the FCRA, pursuant to 15 U.S.C. §1681o.

14

15                                         **VIII.**

16    **EIGHTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO
ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS
(CAL. CIV. C. §1785.14(b) & §1785.31(a)(1))**

18                       [AS TO DEFENDANT TRANSUNION]

19

20    97.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 96,

21    inclusive, as if fully set forth.

22    98.    Through Plaintiff's Consumer Dispute Verification request, Plaintiff made

23    Defendants TRANSUNION aware, and/or they should have been aware that the

24    information they were reporting regarding the Subject Debts was inaccurate.

25    99.    In preparing Plaintiff's credit report, Defendant TRANSUNION failed to use

26    reasonable procedures to "assure maximum possible accuracy" of information,

27    in violation of Cal. Civ. Code §1785.14(b).

28    100.    Defendant TRANSUNION failed to exercise reasonable care in complying with

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

the requirements of Cal. Civ. Code §1785.14(b), and therefore they were negligent within the meaning of Cal. Civ. Code §1785.31(a)(1).

101.  As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

102. As a result of this negligent unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

103.  As such, Defendant TRANSUNION is liable to Plaintiff for her damages for each of their negligent failures to comply with the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(1).

## IX.

### NINTH CAUSE OF ACTION
### WILLFUL FAILURE TO CONDUCT A REASONABLE REINVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT
### (15. U.S.C. §§ 1681i(a)(1), i(a)(4), i(a)(5) & §1681n)

[AS TO DEFENDANT TRANSUNION]

104. Plaintiff realleges and incorporates by reference Paragraphs 1 through 104, inclusive, as if fully set forth.

105. For the reasons stated above, Defendant TRANSUNION was actually aware, and/or should have been aware that the Subject Debts were incorrectly being reported as having a delinquent balance on Plaintiff's credit report.

106. 15 U.S.C. §1681i(a)(1) requires any CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies any CRA that the consumer disputes an item being reported.

107. 15 U.S.C. §1681i(a)(4) requires a CRA review and consider all relevant

information submitted by a consumer when the consumer disputes an item being reported.

108. 15 U.S.C. §1681i(a)(5) requires a CRA to promptly delete an item of information from a consumer report, or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

109. 15 U.S.C. §1681(e)(b) requires any CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

110. Through the Consumer Dispute Verification request and supporting documentation provided by Plaintiff, Plaintiff made Defendant TRANSUNION actually aware that the information being furnished by Defendant IQ DATA regarding the Subject Debts were inaccurate and should have been corrected to reflect that the Subject Debts had been discharged in a Chapter 7 Bankruptcy and a $0 balance was owing.

111. Defendant TRANSUNION failed to delete or modify the information on Plaintiff's credit report regarding the Subject Debts.

112. To date, Defendant TRANSUNION is still reporting the inaccurate information regarding the Subject Debts on Plaintiff's credit report.

113. By willfully failing to conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding the Collection Account, Defendant TRANSUNION violated 15 U.S.C. §1681i(a)(1), i(a)(4), and i(a)(5).

114. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

115. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered emotional distress

including anxiety, fear, sleeplessness, nausea, and headaches.

116. As such, Defendants TRANSUNION is liable to Plaintiff for her damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.

## X.

**TENTH CAUSE OF ACTION**
**WILLFUL FAILURE TO CONDUCT A REASONABLE**
**REINVESTIGATION, CONSIDER RELEVANT INFORMATION, AND**
**DELETE OR MODIFY A CONSUMER REPORT**
**(CAL. CIV. C. §1785.16 & §1785.31(a)(2))**

[AS TO DEFENDANT TRANSUNION]

117. Plaintiff realleges and incorporates by reference Paragraphs 1 through 116, inclusive, as if fully set forth.

118. For the reasons stated above, Defendants TRANSUNION was actually aware, or should have been aware, that the Subject Debts were incorrectly being reported as having a delinquent balance.

119. Cal Civ. Code §1785.16(b) requires any CRA to conduct a reasonable reinvestigation when a consumer disputes a reported item.

120. Through the Consumer Dispute Verification request and supporting documentation provided by Plaintiff, Plaintiff made Defendant TRANSUNION actually aware that the information being furnished by Defendant IQ DATA regarding the Subject Debts was inaccurate and should have been corrected to reflect that the Subject Debts had been repaid in full.

121. Defendant TRANSUNION failed to delete or modify the information on Plaintiff's credit report regarding the Subject Debts.

122. To date, Defendant TRANSUNION is still reporting the inaccurate information regarding the Subject Debts on Plaintiff's credit report.

123. By willfully failing to conduct a reasonable reinvestigation and delete or modify the information being reported on Plaintiff's credit report regarding the Subject Debts, Defendant TRANSUNION violated Cal. Civ. Code §1785.16.

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

124. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

125. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

126. As such, Defendant TRANSUNION is liable to Plaintiff for her damages for willfully violating the CCCRA pursuant to Cal Civ. Code §1785.31(a)(2).

## XI.

### ELEVENTH CAUSE OF ACTION
### NEGILGENT FAILURE TO CONDUCT A REASONABLE INVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT
### (15. U.S.C. §§ 1681i(a)(1), i(a)(4), i(a)(5) & §1681o)

[AS TO DEFENDANT TRANSUNION]

127. Plaintiff realleges and incorporates by reference Paragraphs 1 through 126, inclusive, as if fully set forth.

128. 15 U.S.C. §1681i(a)(1) requires a CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies a CRA that the consumer disputes an item being reported.

129. 15 U.S.C. §1681i(a)(4) requires a CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

130. 15 U.S.C. §1681i(a)(5) requires a CRA to promptly delete an item of information from a consumer report, or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

131. 15 U.S.C. §1681(e)(b) requires a CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

whom the report relates.

132. For the reasons stated above, Defendant TRANSUNION was actually aware, or should have been aware, that the Subject Debts were incorrectly being reported as having a delinquent balance.

133. Defendant TRANSUNION failed to delete or modify the information on Plaintiff's credit report regarding the Subject Debts.

134. To date, Defendant TRANSUNION is still reporting the inaccurate information regarding the Subject Debts on Plaintiff's credit report.

135. Defendant TRANSUNION failed to exercise reasonable care and conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding the Subject Debts in violation of 15 U.S.C. §1681i(a)(1), i(a)(4), and i(a)(5).

136. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

137. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

138. As such, Defendant TRANSUNION is liable to Plaintiff for her damages for negligently failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681o.

## XII.

### TWELFTH CAUSE OF ACTION
### NEGILGENT FAILURE TO CONDUCT A REASONABLE REINVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT
### (CAL. CIV. C. §1785.16 & §1785.31(a)(1))

[AS TO DEFENDANT TRANSUNION]

139. Plaintiff realleges and incorporates by reference Paragraphs 1 through 138,

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

inclusive, as if fully set forth.

140. Cal Civ. Code §1785.16(b) requires a CRA to conduct a reasonable reinvestigation when a consumer disputes a reported item.

141. For the reasons stated above, Defendant TRANSUNION was actually aware, or should have been aware, that the Subject Debts were incorrectly being reported as having a delinquent balance.

142. Defendant TRANSUNION failed to delete or modify the information on Plaintiff's credit reports regarding the Subject Debts.

143. To date, Defendant TRANSUNION is still reporting the inaccurate information regarding the Subject Debts on Plaintiff's credit reports.

144. Defendant TRANSUNION failed to exercise reasonable care and conduct a reasonable reinvestigation and delete or modify the information being reported on Plaintiff's credit report regarding the Subject Debts and in doing so negligently violated Cal. Civ. Code §1785.16.

145. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

146. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendant TRANSUNION, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

147. As such, Defendant TRANSUNION is liable to Plaintiff for her damages for negligently failing to comply with the CCRA pursuant to Cal Civ. Code §1785.31(a)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth her claims for relief against Defendants herein, respectfully requests this Court enter a Judgment against Defendants as follows:

a. That the conduct of Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the FCRA, and the CCRA;

b. An injunctive order mandating removal of all incorrect information and modifications of Plaintiff's Transunion credit report to reflect the correct status of the Subject Debts;

c. An award of actual damages subject to proof at trial against Defendant IQ DATA pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2);

d. An award of punitive damages subject to proof at trial against Defendant IQ DATA pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

e. An award of attorney's fees and costs of suit against Defendant IQ DATA pursuant to 15 U.S.C. §§1681n(a)(3) and 1681o(b) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2);

f. An award of actual damages subject to proof at trial against Defendant TRANSUNION, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2);

g. An award of punitive damages subject to proof at trial against Defendants TRANSUNION, pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

h. An award of attorney's fees and costs of suit against Defendant TRANSUNION, pursuant to 15 U.S.C. §§1681n(a)(3) and 1681o(b) and

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2); and

i.  For all such other and further relief as this Court may deem just and proper.

**BLC LAW CENTER, APC**

Dated: November 30, 2022          By:     /s/ Ahren A. Tiller
Ahren A. Tiller, Esq.
Attorney for Plaintiff
ANDREA PALASI

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by a jury.

**BLC LAW CENTER, APC**

Dated: November 30, 2022          By:     /s/ Ahren A. Tiller
                                                    Ahren A. Tiller, Esq.
                                                    Attorney for Plaintiff
                                                    ANDREA PALASI

BLC LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101